IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IOKEPA K. LEIALOHA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>　　　　　Defendants. | Civil No. 21-00411 JAO-RT<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

　　Pro se Plaintiff Iokepa K. Leialoha ("Plaintiff") commenced this action on October 13, 2021. On November 17, 2021, the Court dismissed the Complaint with partial leave to amend and denied the appointment of counsel. ECF No. 7. The Court dismissed some claims with prejudice, allowed others to proceed, and granted leave to amend certain claims that were deficiently pled. *Id.* Alternatively, the Court gave Plaintiff an opportunity to proceed solely on his threat-to-safety claim in Count II against Sergeant Ernest Suguitan and Adult Corrections Officer ("ACO") Robert Lee, and his excessive force claim in Count III against ACO Kyle Fernandez-Wise, ACO Andy Ahuna Alo-Faituli, ACO Don

Auau, and Warden Cramer Mahoe. *Id.* Plaintiff accepted this alternative option. ECF No. 8.

On December 16, 2021, Plaintiff filed a Notice of Change of Address, ECF No. 17, but has been unresponsive since. The February 2, 2022 Rule 16 Scheduling Order — which was mailed to Plaintiff at the address he provided — set a telephonic conference on April 5, 2022. ECF No. 39. Plaintiff failed to attend the conference. ECF No. 41. Magistrate Judge Trader continued the conference to May 4, 2022, and Plaintiff again failed to attend. ECF No. 48. Magistrate Judge Trader continued the conference to July 29, 2022, and informed Plaintiff that should he appear, he must show cause why the case should not be dismissed without prejudice for failure to prosecute. *Id.* And should Plaintiff fail to appear, Magistrate Judge Trader would conclude that Plaintiff abandoned this case. *Id.*

Currently pending before the Court is Defendants' Motion for Summary Judgment. ECF No. 42. On April 26, 2022, the Court imposed a deadline of May 20, 2022, for Plaintiff to file an opposition. ECF No. 46. To date, he has not submitted any response.

Due to Plaintiff's unresponsiveness, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute. ECF No. 49. The Court ordered Plaintiff to respond by June 13, 2022, and cautioned

that his failure to respond or provide a sufficient explanation would result in the dismissal of this case. *Id.* at 2.

To date, Plaintiff has not responded or otherwise communicated with the Court. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's orders and directives, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the Court's need to manage its docket. *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Moreover, Defendants will suffer prejudice if this case continues without Plaintiff's participation. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. *See id.*

Finally, less drastic alternatives are not appropriate under the circumstances. Plaintiff has been given multiple opportunities to fulfill his obligations during this case. In addition, the Court issued an OSC and provided Plaintiff with an opportunity to explain his failures. Even the threat of dismissal did not compel a response, however. The Court believes that it would be futile to impose a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to prosecute this action. For these reasons, the Court is left with no choice but to dismiss.

Although the public policy favoring disposition of cases on their merits weighs against dismissal, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 23, 2022.



Jill A. Otake
United States District Judge

Civil No. 21-00411 JAO-RT; *Leialoha v. State of Hawaii, Department of Public Safety, et al.*; ORDER DISMISSING ACTION